Filing # 19455724 Electronically Filed 10/16/2014 11:03:59 AM

**IN THE COUNTY COURT OF THE SIXTH JUDICIAL CIRCUIT
IN AND FOR PASCO COUNTY, STATE OF FLORIDA**

JOSEPH LOCICERO,                                    CASE NO.: _____

      Plaintiff,

vs.

CAPITAL ONE SERVICES, LLC,

                                   <u>DEMAND FOR JURY TRIAL</u>

      Defendant.
_____/

## **COMPLAINT**

**COMES NOW**, Plaintiff, JOSEPH LOCICERO (hereafter the "Plaintiff"), by and through undersigned counsel, and hereby sues Defendant, CAPITAL ONE SERVICES, LLC, (hereafter the "Defendant"), and states as follows:

### **PRELIMINARY STATEMENT**

This action arises out of Defendant's violations of the Florida Consumer Collection Practices Act, Florida Statute §§ 559.55 *et seq.* (hereafter the "FCCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §§ 227 *et seq.* (hereafter the "TCPA"), and the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* (hereafter the "FDCPA").

### **GENERAL ALLEGATIONS**

1.     Plaintiff is an individual residing in Pasco County, Florida.

2.     This is an action for damages exceeding $5,000.00 but not exceeding $15,000.00.

3.     Plaintiff is a "consumer" as defined by the FCCPA, Fla. Stat. § 559.55(2), and the FDCPA, 15 U.S.C. § 1692a(3).

4.     Defendant is a foreign profit corporation as registered with Florida Department of State, Division of Corporations.

5.     Defendant is a "Debt Collector", as defined by the FCCPA, Fla. Stat. § 559.55(6), and the FDCPA, 15 U.S.C. § 1692a(6).

6.     Defendant is a "person" subject to regulations under Fla. Stat. § 559.72 and 47 U.S.C. § 227(b)(1).

7.     The debt is a consumer debt as defined by the FCCPA, Florida Statute §559.55(1) and the FDCPA, 15 U.S.C. § 1692a(5).

## FACTUAL ALLEGATIONS

8.     Defendant was continuously contacting Plaintiff to collect an alleged debt owed by Plaintiff.

9.     Defendant used an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls from (800) 995-6600 to Plaintiff's cellular telephone, (813) 841-8220, on the following dates and times:

    a.  Sunday, June 29, 2014 at 2:30 P.M.;

    b.  Monday, June 30, 2014 at 9:19 A.M.;

    c.  Tuesday, July 1, 2014 at 7:45 A.M;

    d.  Wednesday, July 2, 2014 at 3:34 P.M.;

    e.  Thursday, July 3, 2014 at 12:10 P.M.;

    f.  Saturday, July 5, 2014 at 2:38 P.M.; and

    g.  Sunday, July 6, 2014 at 10:55 A.M.

10.     Defendant made additional calls to client prior to Plaintiff logging calls from Defendant beginning on or around May 1, 2014.

11.     Defendant filed for bankruptcy on or around December 26, 2012 in which this Plaintiff's debt to Defendant was discharged.

12.     Defendant had no contact with Plaintiff subsequent to Plaintiff filing for bankruptcy protection and prior to Defendant employing the use of an automatic telephone dialing system or an artificial or prerecorded voice to place telephone calls to Plaintiff repeatedly on his cellular telephone.

13.     Plaintiff has suffered harassment, frustration, increased anxiety, embarrassment, intimidation and feelings of threats as a result of Defendant's activity.

14.     None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. § 227 (b)(1)(A).

15.     None of Defendant's telephone calls placed to Plaintiff were made with Plaintiff's "prior express consent" as specified in 47 U.S.C. § 227 (b)(1)(A).

16.     All conditions precedent to the filing of this lawsuit have been performed or have occurred.

**COUNT I:**
**VIOLATION OF THE FCCPA, FLA. STAT. § 559.72(7)**

17.     Plaintiff incorporates all allegations in paragraphs 1-16 as if stated fully herein.

18.     Jurisdiction is proper, pursuant to Florida Statute § 559.77(1).

19.     Defendant violated Florida Statute § 559.72(7) when it willfully communicated with the Plaintiff with such frequency as can reasonably be expected to abuse or harass Plaintiff.

20.     Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone regarding an alleged debt owed by Plaintiff.

**WHEREFORE**, Plaintiff, JOSEPH LOCICERO, demands judgment against Defendant, CAPITAL ONE SERVICES, LLC, for the following relief:

a.     any actual damages sustained by Plaintiff as a result of the above allegations;

b.      additional damages pursuant to Florida Statute § 559.77(2) in the amount of $1,000.00;

c.      in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute § 559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

d.      any other relief the court deems just and proper.

### COUNT II:
### VIOLATION OF THE FCCPA, FLA. STAT. 559.72(9)

21.     Plaintiff incorporates all allegations in paragraphs 1-16 as if stated fully herein.

22.     Defendant violated Florida Statute § 559.72(9) when it knowingly claimed, attempted and threatened to enforce a debt when Defendant knew that the debt was not legitimate; or asserted the existence of some other legal right when Defendant knew that the right did not exist.

23.     Specifically, Defendant attempted to collect an illegitimate debt by repeatedly calling Plaintiff's cellular telephone, even though Defendant did not have a legal right to do so.

**WHEREFORE**, Plaintiff, JOSEPH LOCICERO, demands judgment against Defendant, CAPITAL ONE SERVICES, LLC, for the following relief:

a.      any actual damages sustained by Plaintiff as a result Defendant's violations;

b.      statutory damages pursuant to Florida Statute §559.77(2) in the amount of $1,000.00;

c.      pursuant to §559.77(2), any specific or injunctive relief necessary to make Plaintiff whole;

    d.    in the case of a successful action sustaining the liability of Defendant, pursuant to Florida Statute §559.77(2), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

    e.    any other relief the court deems just and proper.

**COUNT III:**
**VIOLATION OF THE TCPA, 47 U.S.C. § 227(b)(1)(A)(iii)**

24.    Plaintiff incorporates all allegations in paragraphs 1-16 as if stated fully herein.

25.    Jurisdiction is proper, pursuant to 47 U.S.C. § 227(b)(3).

26.    Defendant used an automatic telephone dialing system or an artificial or prerecorded voice as defined by 47 U.S.C. § 227(a)(1)(A)(iii) to make telephone calls to Plaintiff's cellular telephone.

27.    Defendant independently violated 47 U.S.C. § 227(b)(1)(A)(iii) for each call that Defendant placed to Plaintiff cellular telephone using an automatic telephone dialing system or an artificial or prerecorded voice.

**WHEREFORE**, Plaintiff, JOSEPH LOCICERO, demands judgment against Defendant, CAPITAL ONE SERVICES, LLC, for the following relief:

    a.    statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) in the amount of $500.00 for each of the independent violation of the TCPA;

    b.    an increase in the amount of the award to an amount equal to three times the amount available pursuant to 47 U.S.C. § 227(b)(3)(B) where each of Defendant's independent violations were made willfully or knowingly; and

    c.    any other relief the court deems just and proper.

## COUNT IV:
## VIOLATION OF THE FDCPA, 15 U.S.C. § 1692d(5)

28.     Plaintiff incorporates all allegations in paragraphs 1-16 as if stated fully herein.

29.     Jurisdiction is proper, pursuant to 15 U.S.C. § 1692i.

30.     Defendant caused a telephone to ring or engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff in violation of 15 U.S.C. § 1692d(5).

31.     Specifically, Defendant continued to make numerous telephone calls to Plaintiff's cellular telephone regarding an alleged debt owed by Plaintiff's father with the intent to annoy, abuse, or harass Plaintiff.

**WHEREFORE**, Plaintiff, JOSEPH LOCICERO, demands judgment against Defendant, CAPITAL ONE SERVICES, LLC, for the following relief:

a.      any actual damages sustained by Plaintiff as a result Defendant's violations;

b.      statutory damages pursuant to 15 U.S.C. § 1692k(a)(2) in an amount up to $1,000.00;

c.      in the case of a successful action sustaining the liability of Defendant, pursuant to 15 U.S.C. § 1692k(a)(3), costs of the action, together with reasonable attorney's fees incurred by Plaintiff; and

d.      any other relief the court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues.

Dated this <u>16th</u> day of <u>October,</u> 2014.

**North Tampa Law Group, LLC**

_/s/ Brian D. Arrighi_
**Brian D. Arrighi, Esq.**
Fla. Bar No.: 10268
5321 Primrose Lake Circle
Tampa, FL 33647
Phone: (813) 518-7411
Fax:    (813) 377-2892
Service Email:
Service@NorthTampaLawGroup.com
Secondary Email:
Brian@NorthTampaLawGroup.com
**Attorney for Plaintiff**